IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No.05-4051-JPG |
| ) | |
| SCHWERDTFEGER DAIRY FARM et al., ) | |
| ) | |
|    Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Schwerdtfeger Dairy Farm's, Howard M. Schwerdtfeger's, and Robert A. Schwerdtfeger's motions to dismiss (Docs. 14, 18, and 21). The government has responded to these motions (Doc. 24). Also pending before the Court is the government's motion for Possession of Real Estate and Assignment of Rents and Profits (Doc. 2), to which Defendants have objected. (Docs. 15, 19, and 22). For the following reasons, the Court will **DENY** Defendants' motions to dismiss. The government's motion for possession will also be **DENIED**.

## BACKGROUND

The government instituted foreclosure proceedings pursuant to 28 U.S.C. § 1345 against Schwerdtfeger Dairy Farm ("the Farm"), Howard M. Schwerdtfeger ("Howard"), Robert A. Schwerdtfeger ("Robert") and Bob Denton, d/b/a Culpeper Feed Company on March 16, 2005. In its complaint for foreclosure, the government claims Defendants have been in default of their various loan obligations and are therefore subject to foreclosure under the terms of the security agreements entered between Defendants and certain federal government agencies. (Doc. 1 at 1-2). The loans received by Defendants were secured by real property (including the Farm) and by various farm-

related personal property. (*Id*. at 1-2). On October 11, 2005 the Farm, Howard and Robert filed answers and motions to dismiss the complaint.

  The Farm's and Howard's motions to dismiss are essentially the same. They claim that the government filed its complaint in this matter in violation of their due process rights. (Doc. 18 at 1; Doc 14 at 1). Specifically, they claim that the Farm Service Agency ("FSA") failed to follow its own rules and regulations during the process leading to the government's decision to foreclose. Further, they claim the government failed to explain their debt settlement rights before starting foreclosure proceedings. As a result of these failures, they claim the government unlawfully discriminated against them. In his motion, Robert claims this case must be dismissed because the institution of foreclosure proceedings here was done in retaliation for his filing of a discrimination claim against the FSA, formerly known as the Farmers Home Administration ("FmHA"), which resulted in a federal investigation into his allegations of civil rights violations committed by the FmHA. (Doc. 21 at 2). Robert claims the government filed this suit in violation of his civil rights and his right to due process of law. (*Id*. at 1-3). Robert filed a retaliation discrimination complaint on August 25, 2005, with the Civil Rights Division of the Department of Justice and the United States Department of Agriculture's Inspector General. Thus, he claims these proceedings cannot continue until the administrative adjudication of his claims has been completed, citing 7 C.F.R Part 15f.

  In its response, the government claims the FSA followed its regulations regarding the Defendants' loans in this case. In support of this claim, the government has submitted a number of affidavits. According to the government's motion, the FSA had been assured that Robert's civil rights claims had been dealt with completely prior to its referral of this matter to the Department of

Justice. (Doc. 24 at 2). The government acknowledges that Robert has a civil rights complaint pending at this time. However, it points out that there is no provision in the United States Code or the Code of Federal Regulations which mandates dismissal here as a result of his filing of an additional civil rights complaint. Further, the government points out that the loans at issue here were accelerated in 1994, and that the indebtedness at issue here is long overdue. Finally, it claims that a dismissal here would be inappropriate because Robert could continue to file these complaints, effectively keeping the foreclosure proceedings perpetually at bay.

## ANALYSIS

### A. Show Cause Order

First, the Court will address the government's response to this Court's order to show cause why the Court should not dismiss this action for its failure to respond to Defendants' motions (Doc. 23) – it included the response to this order in its response to the motions to dismiss (Doc. 24). It claims it failed to respond in a timely manner because it had been approached by various members of the Schwertdtfeger family in an attempt to negotiate the repayment of these loans and settle this case. In addition, the government claims its delay was the result of its painstaking review of the loan documents relevant to this case. The Court is satisfied from the government's representation that it has adequately complied with the show cause order. Thus, the Court will proceed to the merits of the motions.

### B. Motions to Dismiss

In responding to the Defendants' motions to dismiss, the government attached a number of affidavits and other documents. Ordinarily, when such material is presented in connection with a motion to dismiss, the Court may not consider the material unless it converts the motion into a

motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond. However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiffs' claim. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)). After reviewing the motions, the Court need not consider this material because Defendants have not established that the complaint must be dismissed.

The Defendants clearly have the burden of demonstrating that the complaint must be dismissed. *See Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990). The only legal authority offered in support of any of these motions is 7 C.F.R. Part 15f and FSA Rules and Regulations Title 7 Volume 14 § 1956.54 at 247 (perhaps a reference to 7 C.F.R. § 1956.54, though it is unclear). Apparently, Robert claims the provisions of 7 C.F.R. § 15f prevent the government from proceeding with a foreclosure while a discrimination complaint filed pursuant to this regulation is pending. Robert does not cite to a specific subpart of this regulation to support this claim. Though the Court is under no obligation to conduct legal research for *pro se* parties, *see Spath v. Hayes Wheels Int'l–Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000), the Court's own review of this regulation has not disclosed a provision which counsels in favor of the dismissal of this action. *See* 7 C.F.R. § 15f.1-29. Defendants' bare allegations of violations of their due process and civil rights are also insufficient to justify a dismissal of the complaint. To the extent these violations occurred, Defendants must submit some evidence such as affidavits or other documents to support their allegations. Further, even if they do possess evidence of the alleged discriminatory acts, they bear the burden of demonstrating why these facts require the Court to dismiss the complaint. To the

extent Defendants believe they are entitled relief from this suit, they may file a motion for summary judgment or make their arguments at trial. Without more, they have shown no justification for the dismissal of this action.

      **C.**      **Motion for Possession**

In the government's motion for possession and assignment of rents and profits, it asks to be put in possession of the property securing the various loans pursuant to 735 ILCS § 5/15-1701(b). Under that section, prior to the entry of a judgment of foreclosure, the mortgagee of non-residential real estate is entitled to possession of the mortgaged property if the "mortgagee is so authorized by the terms of the mortgage" and the "court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause." 735 ILCS 5/15-1701(b)(2). However, if the mortgagor objects and shows good cause, "the court shall allow the mortgagor to remain in possession." 735 ILCS § 5/15-1701(b)(2). Under the statute, there is a presumption in favor of the mortgagee's right to possession of non-residential real property during the pendency of a mortgage foreclosure proceeding. *Home Life Ins. Co. v. Am. Nat'l Bank and Trust Co.*, 777 F.Supp. 629, 631 (N.D. Ill. 1991) (citing *Travelers Insurance Co. v. LaSalle National Bank*, 558 N.E.2d 579, 581 (2d Dist. 1990)). Thus, the mortgagor bears the burden of establishing that it should remain in possession of the premises. *Home Life Ins. Co.*, 777 F.Supp. at 632.

The government has shown that the mortgages allow for it to be put in possession and that it is likely to prevail as a result of Defendants' defaults. Thus, under the statute Defendants must establish good cause why they should remain in possession. Defendants argue that the government failed to follow various procedures before proceeding with this foreclosure. (Doc. 15 at 2-3). Though the government submitted various affidavits with its response to the motions to dismiss, the

government did not specifically address the allegations in Defendants' objections.  It appears to the Court that there is a factual dispute regarding the sufficiency of the pre-foreclosure actions taken by the government.  The Court believes that if Defendants' allegations are taken as true, they have the potential to meet the good cause requirement set forth in the statute.  As a result of this factual dispute, the Court believes that granting the government's motion to be placed in possession would be premature.  Therefore, the Court will **DENY** this motion.  However, given the affidavits submitted by the government in its response, the government may refile this motion with whatever evidentiary material it considers relevant.  In the event that the government decides to proceed down this path, Defendants must meet whatever evidence the government presents with evidence of its own, including, but not limited to, affidavits, administrative records and other documents, in order to make a showing on the good cause issue.  The Court will not consider any objections submitted by the Defendants unless they are supported by some evidence.

## CONCLUSION

Defendants' motions to dismiss (Docs. 14, 18, and 21) are **DENIED**.  The government's motion for possession (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: March 30, 2006.**

      /s/ J. Phil Gilbert
      **J. PHIL GILBERT**
      **U.S. District Judge**